BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
HEATHER S. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 465883
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>GLOUDINA MARIA ROBBERTSE,<br><br>       Defendant. | Case No. 18-cr-00281-S-EJL-1<br><br>**RULE 11 PLEA AGREEMENT** |

Rev. August 2017 (General)

## I.  GUILTY PLEA

**A.  Summary of Terms.**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the defendant, the attorney for the defendant, and the government[1] agree that the defendant will plead guilty to Count Fifteen of the Indictment, which charges the defendant with wire fraud, in violation of 18 U.S.C. § 1343, and Count Thirty-Three of the Indictment, which charges the defendant with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. The defendant will also admit the wire fraud asset forfeiture allegation in the indictment.

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement.  Upon acceptance of the defendant's guilty plea(s), and the defendant's full compliance with the other terms of this agreement, the government, will dismiss, under Federal Rule of Criminal Procedure 11(c)(1)(A), Counts One through Fourteen, Counts Sixteen through Thirty-Two and Counts Thirty-Four through Thirty-Seven as to the defendant only and will, under Federal Rules of Criminal Procedure 11(c)(1)(B), recommend a sentence within the guideline range determined by the Court.  Further, attached to this plea agreement is a letter from the District Attorney's Office, in Riverside County, California ("Attachment A") which states that the District Attorney's Office will agree to recommend concurrent time for any prosecution of the defendant in connection with the felony complaint filed in the Superior Court of California, County of Riverside on October 22, 2018, case number RIF1804581.

The defendant agrees that the Court may consider uncharged "relevant conduct," including conduct alleged in any dismissed counts pursuant to § 1B1.3 of the United States Sentencing Commission Guidelines Manual ("USSG").

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement**                                   1                      Rev. August 2017 (General)

B.   **Oath.**  The defendant will be placed under oath at the plea hearing.  The government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

## II.   WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant.  If the court accepts the defendant's guilty plea, there will be no trial.

## III.   NATURE OF THE CHARGES

A.   **Elements of the Crime.**  The elements of the crime of Wire Fraud, 18 U.S.C. § 1343, as charged in Count Fifteen, are as follows:

1.   First, the defendant knowingly participated in, devised, and intended to devise a scheme to plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

2.   Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

3.   Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

4.      Fourth, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

The elements of the crime of Aggravated Identity Theft, 18 U.S.C. §§ 1028A and 2, as charged in Count Thirty-Three, are as follows:

5.      First, the defendant knowingly used without legal authority a means of identification of another person;

6.      Second, the defendant knew that the means of identification belonged to a real person; and

7.      Third, the defendant did so during in and relation to a felony enumerated in 18 U.S.C. § 1028A(c).

The crime of Wire Fraud in violation of 18 U.S.C. § 1343 is a felony enumerated in 18 U.S.C. § 1028A(c).

**B.      Factual Basis.** If this matter were to proceed to trial, the government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

While living in California, the defendant devised and executed a scheme to defraud the California Employment Development Department ("CEDD"), or obtain money or property from CEDD by means of false or fraudulent pretenses, representations or promises. Defendant continued the scheme when she moved to Idaho in April 2017. As part of the scheme, defendant caused to be filed fraudulent claims for disability insurance benefits with CEDD. These claims were submitted using the identities of real persons without their knowledge or approval. The defendant knew these "claimants" were real persons. The claim forms submitted by the defendant included personal identifying information of the claimant, to include names, birthdates, and social security numbers. Further, defendant would list false injuries on the claim forms and use the

**Plea Agreement**                                3                          Rev. August 2017 (General)

names and falsify the signatures of physicians, without their knowledge, to substantiate the disability. These misrepresentations were material.

Once the claim was approved by the CEDD, defendant received CEDD debit cards in the name of the claimants she was impersonating. These CEDD debit cards were sent to one of several commercial mailboxes utilized by the defendant in furtherance of the scheme. Defendant activated the CEDD debit cards and established a PIN number for the CEDD debit cards. Thereafter, the defendant would cause money to be withdrawn from the CEDD debit cards at banking institutions in California and/or the District of Idaho. Each time she withdrew, or caused to be withdrawn, money from the CEDD debit cards, defendant caused an interstate wire transfer from the payee bank.

With respect to Counts Fifteen and Thirty-Three, defendant caused to be filed a false claim for benefits with the CEDD. Defendant knowingly used the identity of J.R. without the knowledge or approval of J.R. Defendant knew that J.R. was a real person. This false claim caused the CEDD to part with money in the form of a CEDD debit card in the name of J.R. that was received by the defendant. On or about July 13, 2017, Defendant caused the money from the CEDD debit card to be withdrawn at U.S. Bank in Meridian, Idaho, resulting in an interstate wire transfer therefrom. Hence, the defendant admits that her conduct constituted a wire fraud. Defendant also admits to aggravated identity theft of J.R. by using the identity of J.R. to further the wire fraud scheme.

In total, the Defendant defrauded CEDD of $475,350.28.

## IV.   SENTENCING FACTORS

**A.     Penalties.** A violation of Wire Fraud, 18 U.S.C § 1343, as charged in Count Fifteen, is punishable by:

     1.     a term of imprisonment of 20 years;

       2.      a term of supervised release of not more than 3 years;

       3.      a maximum fine of $250,000, and a special assessment of $100.

The crime of Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2(a), as charged in Count Thirty-Three of the Indictment, is punishable by:

       1.      a mandatory term of imprisonment of two (2) years, to run consecutive to any other term of imprisonment;

       2.      a term of supervised release of not more than one (1) year; and

       3.      a maximum fine of $250,000 and a special assessment of $100.

**B.**    **Supervised Release.** The court may impose a period of supervised release. No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

**C.**    **Fines and Costs.** The court may impose a fine. No agreement exists as to the amount of the fine. The court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

**D.**    **Special Assessment.** The defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing. Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724.

**E.**    **Restitution.** In addition to any forfeiture, fine, or costs imposed, the defendant agrees to pay restitution equal to the loss caused to any victim of the charged offense pursuant to any applicable statute. The defendant agrees to pay restitution in the amount ordered by the court.

The defendant agrees that all monetary penalties imposed by the court, including restitution, will be due immediately and subject to immediate enforcement by the government. The defendant agrees that any payment schedule or plan set by the court is merely a minimum schedule of payments and neither the only method, nor a limitation on the methods, available to the government to enforce the judgment, unless the court specifically states otherwise. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States sentencing guidelines ("USSG") §3E1.1.

F.     **Forfeiture.** The defendant understands that the court will, upon acceptance of the defendant's guilty plea(s), enter a forfeiture order as part of the defendant's sentence. The defendant agrees immediately to forfeit to the government: the property set out in the forfeiture allegation(s) of the indictment or information to which the defendant is pleading; the property described in any filed bill of particulars; and all property and property interests that constitute proceeds obtained as a result of the offense, including the following:

1.     Unrecovered Cash Proceeds and/or Facilitating Property. Unrecovered proceeds of the offense of conviction obtained by the defendant, or property derived from or traceable to such proceeds, which based upon actions of the defendant, was transferred, diminished, comingled, or is otherwise unavailable.

Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, or "any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a.     the property cannot be located upon the exercise of due diligence;
b.     the property has been transferred, sold to, or deposited with a third person;
c.     the property has been placed beyond the jurisdiction of the court;

**Plea Agreement**                                        6

       d.    the property has been substantially diminished in value; and/or

       e.    the property has been commingled with other property that cannot
              be subdivided without difficulty.

Forfeiture of substitute assets shall not constitute an alteration in the defendant's sentence.

The defendant agrees that the forfeitures herein are separate from all other penalties, including monetary ones, and are also separate from restitution. The defendant agrees to consent to abandonment proceedings as to forfeitable property herein, and to the entry of orders of forfeiture for such property, including civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture. Finally, the defendant agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding: (a) notice of the forfeiture in the charging instrument, (b) advice regarding the forfeiture at the change-of-plea hearing, (c) announcement of the forfeiture at sentencing, and (d) incorporation of the forfeiture in the judgment. If this agreement is withdrawn for any reason, the defendant waives the right to contest all civil and administrative forfeitures that began before the withdrawal.

The defendant agrees to assist fully in the forfeiture of the foregoing assets, and to take all steps necessary to pass clear title to the forfeited assets to the government. The defendant will thus, for example, execute all documents necessary to transfer such title, assist in bringing any assets located outside of the United States within the jurisdiction of the United States, take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, etc.

The defendant will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, related civil forfeiture case, or petition for remission or mitigation of forfeiture. Further, the defendant will testify truthfully in any such proceeding. The defendant agrees to waive all challenges, on any grounds, to any forfeiture carried out in accordance with this agreement.

**Plea Agreement**              7              Rev. August 2017 (General)

The defendant is the sole owner of the properties and property interests listed above, except as specifically set out herein. If the defendant is not the sole owner of these properties and interests, representations are false or inaccurate, the government may pursue any and all forfeiture remedies available at law or equity based on the violations covered by this agreement.

The defendant agrees that the forfeiture provisions of this agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall bind the defendant's heirs, successors and assigns until the agreed forfeiture is collected in full. This includes any agreed money judgment amount. If the crime(s) involved victims, then the defendant acknowledges and agrees that this agreement to disgorge the defendant's wrongfully-obtained criminal proceeds for the benefit of the defendant's victims is remedial in nature. Therefore, the defendant intends disgorgement to be completed regardless of any possible future abatement of defendant's criminal conviction. The court shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

## V.   UNITED STATES SENTENCING GUIDELINES

**A.    Application of Sentencing Guidelines.** The court must consider the USSG in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The court is not a party to this agreement. The agreement does not bind the court's determination of the USSG range. The court will identify the factors that will determine the sentencing range under the USSG. While the court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

**Plea Agreement**                                    8                          Rev. August 2017 (General)

Recognizing that the court is not bound by this agreement, the parties agree to the recommendations and requests set forth below.

**B.      Sentencing Guidelines Recommendations and Requests.**

1.      **Government's Statements at Sentencing.** The government reserves the right to fully allocute at sentencing regarding any sentencing recommendation and to rely on any information in support of its recommendation regardless of whether the information is contained in the plea agreement or the presentence report.

2.      **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the government will withdraw or decline to make such a recommendation.

3.      **Loss Amount.** As it relates to Count Fifteen, and for USSG calculations, the parties agree that the total loss was $475,350.28.

4.      **Guidelines Calculations.** As it relates to Count Fifteen, the parties agree that the following USSG calculations apply:

| | | |
|---|---|---|
| a. | § 2B1.1(a)(1): Base Offense Level | 7 |
| b. | § 2B1.1(b)(1)(G): More than $250,000 loss | +12 |

|   |   |   |
|---|---|---|
| c. | § 2B1.1(b)(2)(A)(i): More than 10 victims | +2 |
| d. | § 2B1.1(b)(1)(C)(i): Use of Means of Identification to Produce Other Means of Identification | +2 |
| e. | § 3E1.1(a): Acceptance of Responsibility | -3 |
| f. | Adjusted Offense Level | = 20 |

The parties also agree that the two-level enhancement for sophisticated means in § 2B1.1(b)(1)(C) does not apply.

        5.     **Downward Departure or Variance Request by Defendant.** Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government of the defendant's intent to seek a downward departure and the defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date set for sentencing.

## VI.   COOPERATION

        **A.**     **Truthful Information and Assistance.** The defendant promises to provide truthful and complete information to the government and its investigative agencies, including testimony in legal and administrative proceedings, concerning the defendant's role and the roles of all others involved in offense-related behavior and other criminal activity. The defendant shall not attempt to protect anyone through false information or omission. The defendant will not falsely implicate anyone. Any intentional deviation from the truth in any of the defendant's testimony may result in prosecution for perjury and obstruction of justice. The defendant's duty under the terms of this agreement is to tell the truth whether or not it bolsters the government's case against any particular individual. The defendant specifically understands that this agreement is not contingent upon the conviction of any person or the forfeiture of any property.

        The defendant agrees to cooperate in good faith. This means the defendant will not only respond truthfully and completely to all questions asked but will also volunteer all information

**Plea Agreement**          10          Rev. August 2017 (General)

that is reasonably related to subjects discussed. In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached the agreement because the defendant was not specifically asked. This agreement is breached by any action or statement inconsistent with continued cooperation. Determination of a breach is solely within the discretion and determination of the attorney for the government. The defendant acknowledges that any breach of this cooperation agreement will absolve the government of any obligation for consideration based upon cooperation and will constitute grounds for the government to withdraw from this agreement. The defendant further acknowledges that the government's decision not to grant consideration for cooperation based on a determined breach will not constitute grounds for the defendant to withdraw from this agreement.

The defendant agrees to be available for interviews to prepare for testimony. If requested, the defendant will submit to government-administered polygraph examinations.

The defendant agrees to identify all property related to the defendant's crimes to which the defendant has pleaded guilty, and any relevant conduct. The defendant will identify the extent of any person's or entity's (including defendant's) interest in any such property. The defendant agrees to assist in the recovery and forfeiture of such property to the government.

**B.     Use of Information Against Defendant.** In exchange for the defendant's agreement, the government will not use new information the defendant provides (pursuant to this agreement) about the defendant's own criminal conduct. The government may reveal such information to the court. There shall be no restrictions, however, on the use of information: 1) previously known to law enforcement agencies; 2) revealed to law enforcement agencies by, or discoverable through, an independent source; or 3) in the event there is a breach of this agreement.

C. **Substantial Assistance Determination.** If the government determines, in good faith, that the defendant's cooperation amounts to "substantial assistance" in the investigation of others, the government will request that the court depart downward from the applicable sentencing range, pursuant to USSG § 5K1.1 and/or any mandatory minimum sentence, pursuant to 18 U.S.C. § 3553(e). Pursuant to *United States v. Auld*, 321 F.3d 861 (9th Cir. 2002) and *United States v. Jackson*, 577 F.3d 1032 (9th Cir. 2009), the defendant understands that any motion for downward departure must be made as a reduction from the applicable guideline range or the statutory minimum sentence, whichever is greater, consistent with USSG § 5G1.1(b). This will be the base offense level regardless of whether the government also makes a motion for a sentence below the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e). The defendant further understands that if the base offense level is based on a statutory minimum sentence, no other reductions in the offense level will be allowed, including acceptance of responsibility, other than the reduction for substantial assistance. If the government determines the defendant has not provided substantial assistance, the government will not move for a downward departure.

The government's final decision whether to file motions pursuant to § 5K1.1 and/or 18 U.S.C. § 3553(e) will be made after evaluating the defendant's cooperation with regards to: 1) the significance and usefulness of the defendant's cooperation, 2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant, 3) the nature and extent of the defendant's assistance, 4) any injury suffered, or any danger or risk of injury to the defendant or defendant's family resulting from the defendant's cooperation, and 5) the timeliness of the defendant's cooperation. The government's specific recommendation will turn on the facts of the case, the sentence that likely would have been imposed absent an agreement, and the extent and value of the cooperation provided. The government's decision not to file such a motion will not constitute grounds for the defendant to withdraw from this agreement.

**D.     Defendant's Assumption of Risk.**  The defendant agrees freely and voluntarily to cooperate with the government, knowing the possible consequences of cooperation.  The defendant's attorney knows of the defendant's cooperation and agrees that the defendant shall enter into this agreement.  The defendant hereby absolves the government, including its employees, from any liability associated with this cooperation.

## VII.   WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A.     **Waiver:**  In exchange for this agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. The waiver of the challenge to the conviction includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction.

The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction or sentence in this case.  Further, the filing of such an appeal or collateral attack will breach this agreement and will allow the government to withdraw from the agreement and take other remedial action.

If the defendant believes the government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

**B.     Exceptions:**

1.     **Direct Appeal:**  Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if one of the following unusual circumstances occurs:

      a.     the sentence imposed by the court exceeds the statutory maximum;

      b.     the court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

        c.      the court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the court.

The defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

        2.      **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States probation office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligations in this agreement. Such failure and response by the government will not, however, constitute grounds for withdrawing the plea of guilty unless the government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## IX. DISCLOSING FINANCIAL INFORMATION

The defendant agrees to disclose all of the defendant's assets and sources of income to the government, including all assets over which the defendant exercises or exercised direct or indirect control, or in which the defendant has had any financial interest. The defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the government. The defendant agrees truthfully to complete a personal financial statement within fourteen days from the date the defendant signs this agreement. If the government provides a financial statement to be completed, the defendant agrees to complete the financial statement truthfully and accurately within fourteen days from the date the defendant signs this agreement or

**Plea Agreement**           14           

the date the financial statement is provided to the defendant or counsel, whichever is later. The defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements as required herein, may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The defendant authorizes the government: (a) to obtain a credit report on the defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain financial records related to the defendant.

Before sentencing, defendant agrees not to dissipate any assets without the consent of both the government's financial litigation unit and the asset forfeiture unit. If any assets are sold, any sale proceeds received from sale of assets will be deposited with the clerk and, upon sentencing, paid toward any monetary penalties due as ordered in the judgment.

## X.    NO RIGHT TO WITHDRAW PLEA

The defendant understands that the court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this agreement or the guilty plea, regardless of the court's actions.

## XI.   CONSEQUENCES OF VIOLATING AGREEMENT

A.    **Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. In addition, if the government determines after sentence is imposed that the defendant's breach of the agreement warrants further

**Plea Agreement**                                15                          Rev. August 2017 (General)

prosecution, the government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the government determines that a breach warrants prosecution before sentencing, it may withdraw from the agreement in its entirety.

The government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this agreement.

**B.     Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the defendant does not enter an acceptable plea, the government will move to continue the trial now set to allow the government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XII.   MISCELLANEOUS

**A.     No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the government in this

agreement (i.e., the United States Attorney's Office for the District of Idaho). The government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the request of the defendant or defense counsel.

**B.** **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this agreement no later than 5:00 p.m. on November 13, 2018.

**C.** **Risk of Removal from the United States.** The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however. While arguments may be made in such a proceeding, it is virtually certain that defendant will be removed from the United States. The defendant nevertheless affirms that the defendant wants to plead guilty.

## XIII. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____
HEATHER S. PATRICCO
Assistant United States Attorney

_____
$11 \cdot 13 \cdot 18$
Date

## XIV.  ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I

understand the agreement and its effect upon my potential sentence. Furthermore, I have

discussed all of my rights with my attorney and I understand those rights. No other promises or

inducements have been made to me, directly or indirectly, by any agent of the government,

including any Assistant United States Attorney, concerning the plea to be entered in this case. I

understand that this agreement constitutes a formal plea offer from the government. Any oral

discussions between the government and me or my counsel about a plea do not constitute a plea

offer. Any written offer or agreement made before this agreement is no longer a valid offer by the

government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain

from doing, anything in connection with this case, including enter a guilty plea. I understand that,

if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is

virtually certain that I will be removed from the United States. I am satisfied with my attorney's

advice and representation in this case.

**Plea Agreement**                    18                    Rev. August 2017 (General)

_____
GLOUDINA MARIA ROBBERTSE
Defendant

$\underline{\hspace{1cm}11/13/18\hspace{1cm}}$
Date

I have read this agreement and have discussed the contents of the agreement with my client. The agreement accurately sets forth the entirety of the agreement. I have conveyed all written offers from the government to the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

_____
MELISSA WINBERG
Attorney for the defendant

$\underline{\hspace{1cm}Nov. 13, 2018\hspace{1cm}}$
Date

**Plea Agreement**                    19                    Rev. August 2017 (General)

# ATTACHMENT A



OFFICE OF
**THE DISTRICT ATTORNEY**
COUNTY OF RIVERSIDE

MICHAEL A. HESTRIN
DISTRICT ATTORNEY

November 13, 2018

Heather S. Patricco
Assistant United States Attorney
800 East Park Boulevard, Suite 600
Boise, Idaho 83712

**RE:    Plea Agreement in Case No. 18-cr-00281-S-EJL-1 (United States v. Robbertse)**

Ms. Patricco,

As you are aware, the Riverside County District Attorney's Office has a pending case (RIF1804581) against Gloudina Maria Robbertse (the Defendant). Although the Defendant has not been arraigned in the Riverside Superior Court on these charges, you may convey the following offer to defense counsel on our behalf in order to expedite a resolution of both cases.

The Riverside District Attorney will agree to a four year state prison sentence concurrent to the term served in case 18-cr-00281-S-EJL-1. The Riverside County District Attorney will also agree that the four year prison term in RIF1804581 may be served in federal custody. Additionally, the Riverside County District Attorney will agree that any term of Post Release Community Supervision may be served concurrently to federal Supervised Released.

This offer is conditioned on the following:

1) The Defendant must agree to a restitution order of $475,350.28 payable to the State of California, Employment Development Department.

2) The Defendant must accept the U.S. Government's plea agreement in case 18-cr-00281-S-EJL-1 that includes pleas of guilty to Counts 15 (wire fraud) and 33 (aggravated identity theft).

3) The term of imprisonment in 18-cr-00281-S-EJL-1 is at least 48 months.

Should defense counsel have any questions, they may contact Deputy District Attorney Matthew M. Roberts at (951) 955-2947.

Sincerely,

Michael B. Silverman
Chief Deputy District Attorney
Riverside County District Attorney's Office

3960 ORANGE STREET • RIVERSIDE, CA 92501
951-955-5400